UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WALTER D. HUNTER,                    )
                                     )
         Petitioner,                 )
                                     )
v.                                   )    Case No. CIV-24-286-G
                                     )
CARRIE BRIDGES, Warden,              )
                                     )
         Respondent.                 )

## ORDER

Petitioner Walter D. Hunter, a state prisoner appearing pro se, initiated this action on March 18, 2024, by filing a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his state-court criminal conviction under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings.

On April 15, 2024, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 10), in which he recommended that the Petition be dismissed without prejudice upon preliminary review due to Petitioner's failure to exhaust available state remedies. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. On April 26, 2024, Petitioner filed an Objection to the R. & R. (Doc. No. 11).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.    *Background*

The factual and procedural background is accurately summarized in Judge Erwin's R. & R.  On August 9, 2023, Petitioner entered a *nolo contendere* plea to multiple criminal charges in the District Court of Cleveland County, Oklahoma.  He was sentenced to 20 years' imprisonment.  Pet. at 1; *see* R. & R. at 2.  Petitioner did not seek to withdraw the pleas or otherwise appeal or challenge the conviction.  Pet. at 2-3, .

Petitioner now seeks federal habeas relief on several grounds, including the State of Oklahoma's alleged lack of jurisdiction over his criminal proceeding.  *See id.* at 5-11.

II.    *Discussion*

In order to be heard in federal court on a petition for writ of habeas corpus, a state prisoner generally must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  As explained by the Tenth Circuit,

> To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011); *see also Cash v. United States*, No. CIV-20-884-R, 2021 WL 666974, at *2 (W.D. Okla. Jan. 20, 2021) (R. & R.) ("To fully exhaust the claims in state court, the claims must have been presented to the state's highest court, the Oklahoma Court of Criminal Appeals (OCCA).)"), *adopted*, 2021 WL

666969 (W.D. Okla. Feb. 19, 2021).

Petitioner's Objection to the R. & R. does not dispute his failure to seek relief in the OCCA but, liberally construed, argues that this Court should nonetheless consider his Petition because he is not required to exhaust his habeas claims when the State and OCCA lacked jurisdiction over his criminal case. *See* Pet'r's Obj. at 1. As noted by Judge Erwin, however, "[t]he § 2254 exhaustion requirement contains no exception for jurisdictional claims." R. & R. at 3 (internal quotation marks omitted) (citing *Med. Blanket v. Watkins*, 44 F. App'x 350, 351 (10th 2002)); *see also Chilton v. Bridges*, No. CIV-22-32-G, 2022 WL 4587161, at *2 (W.D. Okla Sept. 29, 2022) (citing cases). And "[t]he State's alleged lack of jurisdiction over Petitioner's criminal proceedings does not render the state courts' corrective process unavailable." *Chilton*, 2022 WL 4587161, at *2 (citing *Long v. Nunn*, No. CIV-22-9-R, 2022 WL 468607 (W.D. Okla. Feb. 15, 2022)). "In fact, the State of Oklahoma explicitly provides a corrective process for defendants asserting that the state district court lacked jurisdiction to impose a sentence." *Id.*

Petitioner was required to, but did not, exhaust his available state-court remedies before filing his 28 U.S.C. § 2254 Petition. There being no showing of good cause for this failure, and no demonstration of futility of such remedies, the Petition must be dismissed. *See* 28 U.S.C. § 2254(b)(1)(A); *Chilton*, 2022 WL 4587161, at *2.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Doc. No. 10) in its entirety. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner.  A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 26th day of February, 2025.

CHARLES B. GOODWIN
United States District Judge